Melisa Bankston v. Commissioner.
Bankston v. Commissioner
Docket No. 50612.
United States Tax Court
T.C. Memo 1955-163; 1955 Tax Ct. Memo LEXIS 175; 14 T.C.M. (CCH) 627; T.C.M. (RIA) 55163; June 23, 1955
*175 J. Edward Johnson, Esq., Life of America Building, Dallas, Tex., for the petitioner. Carswell H. Cobb, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $345.79 in income tax for 1950. The only issue is whether the petitioner should be denied a deduction of $1,000 for a non-business bad debt either because the debt was worthless from the beginning or because it still had value at the end of 1950. Findings of Fact The petitioner filed her individual income tax return for 1950 with the collector of internal revenue for the second district of Texas. The petitioner and M. W. Bankston were divorced in 1944. He became indebted to her several years later as the result of the payment by her with her own funds of an amount which, as between them, he had contracted to pay. He was in poor financial condition at the time but was employed by a corporation of which the petitioner was a stockholder, officer and employee. He and the petitioner entered into a contract on January 21, 1949, in which he acknowledged his indebtedness to the petitioner in the amount of $5,000 and agreed to repay that amount to *176 her. They agreed to a method of payment in which he gave his note for $5,000 with interest at 6 per cent to the corporation and made an assignment permitting payments to be made from his wages to the petitioner until payment in full of the $5,000 debt had been made. The petitioner, through her connection with the employer, knew of the amounts earned by M. W. Bankston and decided what portion thereof should be paid to her so that the debtor would have sufficient money upon which to live. She received payments on the debt during 1949 and until June 1950 at which time M. W. Bankston left the employ of the corporation in order to avoid making further payments to the petitioner and thereafter the petitioner received no further payments on the indebtedness. The petitioner in her return for 1950 reported a non-business bad debt in the amount of $3,866.12 due her from M. W. Bankston and claimed $1,000 as an allowable deduction. The Commissioner, in determining the deficiency, disallowed the $1,000 and explained that it was not allowable in whole or in part under section 23(k) "for the reason that it has not been established that such a debt in any amount ever existed between M. W. Bankston *177 and yourself, or, if a debt did exist, that it became worthless within the taxable year 1950." M. W. Bankston was indebted to the petitioner in 1949 in the amount of $5,000. The petitioner paid out in excess of $5,000 in creating the indebtedness. That indebtedness was not worthless during 1949 or at the beginning of 1950. It became worthless during 1950. Opinion MURDOCK, Judge: Counsel for the Commissioner stated at the opening of the trial of this case the grounds upon which the Commissioner would rely to defend the disallowance of the claimed deduction. He was satisfied, apparently, by the evidence thereafter introduced that some of the stated grounds were not sound and he did not mention or urge them in his briefs. He limited his argument in his main brief to the contention that the debt still had value at the end of the taxable year 1950. He filed a reply brief "to call attention to an admission made by the petitioner in her original brief" that the note "never had any value at forced sale" but value only in her hands because of the concurrent arrangements for salary deductions to be paid to her." One of the grounds mentioned in his opening statement was that the note never *178 had value. He also mentioned in his reply brief a ground which is not discussed herein because it is not mentioned in his opening statement and is refuted by the evidence and findings. Decision will be made upon the issue as thus fairly presented and understood by the opposing parties. The evidence shows that the debt had value during 1949 and at the end of that year. Substantial payments were made on it during that year. Likewise, the evidence shows that the only means which the petitioner had of collecting this debt was from the earnings of M. W. Bankston while he was a co-employee with the petitioner of the corporation, and when he left that employer for the express purpose of avoiding further payments to her, she was unable to collect any more on the debt due her. The Commissioner has shown that the debtor, shortly after leaving the employment above mentioned, obtained new employment in a nearby town from a company operated by one of his sons and there earned income of $2,900 during the remainder of 1950. The record shows, however, that M. W. Bankston was insolvent. He was heavily indebted to the Federal Government which was unable to collect from him. The conclusion has been *179 reached from all of the evidence that the petitioner's debt from her former husband became worthless in 1950. Decision will be entered for the petitioner.